# EXHIBIT B



| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **EVAN J. GOTTSTEIN**<br>*Assistant Corporation Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

April 5, 2024

*Via E-Mail*
Bruce Menken
Raya Saksouk
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, New York 10005
bmenken@nyemployeelaw.com
rsaksouk@nyemployeelaw.com
Edward Friedman
26 Court Street, Suite 1903
Brooklyn, New York 11242
edfriedmanlaw@aol.com

Re:  **Renaldo Guerrier v. New York City Transit Authority, et al.**
23-CV-5517 (HG)

Mr. Menken:

As you are aware, plaintiff Renaldo Guerrier was deposed on March 13, 2024, during which time defendant City of New York called for the production of several documents. To follow up on these requests in writing, defendant City requests the following:

- All original photographs, in native file format including all metadata, taken of plaintiff in Brooklyn Methodist Hospital between December 20, 2022, and January 12, 2023. (*See* Pl. Dep. Tr. at 174:13-175:22) (plaintiff testified that his cousin Jason took pictures of plaintiff when he was in the hospital and that he "could find out" whether Jason still had those pictures on his phone)

- All documents concerning any counseling or rehabilitative programs that plaintiff claims to have completed in connection with any of his prior criminal convictions and sentences, including, but not limited to, the "TASC" program which plaintiff testified he completed as part of one of his DWI convictions. (*See* Pl. Dep. Tr. at 199:3-201:2)

- Authorizations for the release of plaintiff's healthcare records for all persons/entities who provided healthcare to plaintiff in from 2017 to present. (*See, e.g.,* Pl. Dep. Tr. at 298:11-300:20)

- All documents concerning plaintiff's medical bills related to the injuries he claims to have received in connection with the Incident, as well as documentation of any out-of-pocket expenses plaintiff incurred in connection with his claimed injuries, including, but not limited to, expenses for over-the-counter medications.

Additionally, plaintiff testified in his deposition that one of his attorneys of record in this action, Mr. Friedman, paid the fines in connection with plaintiff's two DWI-related convictions, and that plaintiff is expected to pay Mr. Friedman back for those payments at some point. (Pl. Dep. Tr. at 215:14-218:7) Accordingly, please produce all documents and/or written communications concerning any agreement made between plaintiff and any of his counsel concerning the payment of any money owed in connection with any criminal prosecutions brought against plaintiff.

Thank you for your cooperation in this matter.

Very Truly Yours,

*Evan J. Gottstein*          /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Via E-Mail
Steven Silverberg
Priya Pasricha
Hoguet Newman Regal & Kenney, LLP
*Attorneys for MTA Defendants*
60 East 42nd Street, 48th Floor
New York, New York 10165
ssilverberg@hnrklaw.com
ppasricha@hnrklaw.com